IN THE UNITED STATES DISTRICT COURT
FOR CONNECTICUT

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
January 4    2005
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

)
UNITED STATES OF AMERICA,  )
            Respondent,    )
                           )
   v.                      )    Docket Number. 3:01-CR-00162(SRU)
                           )
                           )
Omar Florez,               )
            Defendant,     )
                           )

MOTION TO REQUEST FOR RETURN OF PERSONAL PROPERTY
PURSUANT TO, Fed.R.Crim.P. 41(e)

Comes now, Omar Florez, (hereinafter "Petitioner") filing pro se, respectfully submits his request for return of his personal property pursuant to the procedures stated at Rule 41(e) in the Federal Rules of Criminal procedures.

In support thereof, Petitioner states the following for this Court's consideration.

The Respondent is the United States Attorney for said district who has overall authority and whom is responsible to facilitate the return of Petitioner's property that was confiscated by law enforcement officials from the Drug Enforcement Administration (DEA).

STATEMENT OF JURISDICTION

This Court has exclusive jurisdiction pursuant to the ancillary jurisdiction under Rule 41(e). See Rufu v. United States, 20 F.3d 62 (2nd Cir. 1992). The Rufu court stated that where a defendant is convicted at, it has ancillary jurisdiction to consider and decide defendant's post trial motion for return of "seized" property. Federal Courts have held that :

"If motion for return of property is made after termination of criminal proceedings against defendant, such motion should be

-1-

treated as a civil complaint for equitable relief." See <u>Onwubiko v. United States</u>, 969 F.2d 1392-97 (2nd Cir. 1992) (where criminal proceedings are no longer pending against defendant 41(e) motion should be treated as equitable civil proceedings).

## STATEMENT OF FACTS

On November 14, 2002, Petitioner was arrested and held in federal custody for a criminal charge of Conspiracy to Possess with intent to Distribute cocaine, in violation of 21 U.S.C. §846. At the time of his arrest, Drug Enforcement Administration agents confiscated the following items: 2) rings, 1) watch, 2) chains, 2) medallions, and $1,181.00 in U.S. currency. At no time was Petitioner ever given notice or an opportunity to litigate his property confiscated by DEA agents as so required by law.

## ARGUMENT

The District Court requires the Government to return property seized for purposes of trial that is neither contraband nor subject to forfeiture at the end of the criminal proceedings. See <u>United States v. Giovaneli</u>, 998 F.2d 116 (2nd Cir. 1993) (claimant was entitled to the return of funds in connection with Racketeer Influence Corrupt Organization (RICO) charge; claimant was estopped from making his motion for return of funds by having withheld it until limitation statute had run against the Government).

In this case, there are several undisputed facts. Number one is that petitioner's properties were seized by DEA agents. Second, is that the Petitioner was never given any notice of the intended

forfeiture of his funds and properties. In forfeiture jurisprudence, a notice must be given to an aggrieved in a pending forfeiture action. Failure to give notice by the Government to an aggrieved seriously violates the aggrieved's due process rights, which warrants relief.

In United States v. 184,550.00 In U.S. Currency, 72 F.3d 1160 (3rd Cir. 1995), the court held that, "when the Government knows a party's actual whereabouts, due process requires sending notice to that address, especially where the party is incarcerated." Petitioner claims that the Government had Petitioner's home address and unquestionably is aware that Petitioner is serving his federal sentence within the Federal Bureau of Prisons, which is the custodial administrative agency branch within the U.S. Department of Justice. In addition the Government is aware of the necessary steps to comply with the minimum requirements to satisfy due process to give notice, accordingly. See Robinson v. Hanranhan, 409 U.S. 38, where the United States Supreme Court held that a claimant is entitled to a hearing and notification even if he is sitting in jail.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, the Petitioner respectfully moves this Honorable Court to grant relief, by directing the United States Attorney's office to inform DEA to release all of the Petitioner's personal property as identified herein to his respective current address here at: FCI Fort Dix, P.O. Box 7000 (West) Unit        , Fort Dix, NJ 08640-7000.

Respectfully submitted

*Omar Florez*
Omar Florez

-3-

CERTIFICATE OF SERVICE

I, Omar Florez, Pro-se Petitioner herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for the United States District Court for the District of Connecticut, and a true and correct copy has been furnished upon the Office of the United States Attorney for the District Court of Connecticut Robert R. Apleton, Federal Bar # CT 05112, 915 Lafayette Boulevard Bridgeport CT. 06604.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day 27 of December, 2004

*Omar Florez*
Omar Florez, Pro-Se
Reg: 14478-014