UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:01CR162(SRU) |
| v. | : |
| OMAR FLORES a/k/a "Pitufo" | : MARCH 23, 2005 |

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully submits this response to the defendant's motion for return of property and the Court's Order to Show Cause.

In his motion, the defendant seeks return of $1,181.00 in currency which was seized during a search in connection with the investigation in the captioned matter. Ultimately, the investigation led to a narcotics conspiracy charge, and the defendant's conviction and sentence. During the pendency of the criminal case, the currency was administratively forfeited after several efforts were made by the Drug Enforcement Administration to give notice to the defendant of the action. The affidavit of DEA Forfeiture Counsel is appended hereto as Exhibit A, which details the many efforts made to provide notice to the defendant of the forfeiture proceeding. As more fully explained below, it is respectfully submitted that the efforts to provide notice were more than adequate under the law.

**DISCUSSION**

The defendant's claim is immediately foreclosed by the United States Supreme Court's decision in Dusenbery v. United States, 534 U.S. 161 (2002), which was decided upon analogous facts and concerned the identical issue presented here. Dusenbery involved a criminal defendant's efforts to secure the seizure of property forfeited in an administrative proceeding, sought a return of his property through a subsequent motion to the district court and challenged the adequacy of notice provided to him claiming as an incarcerated defendant he did not receive actual notice of the proceeding. In its opinion, the Supreme Court rejected the defendant's claim, held actual notice is not necessary, and set forth the standard which now governs the adequacy of notice in a forfeiture proceeding. The Supreme Court adopted the "reasonableness" test set forth in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) and stated that notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Dusenbery, at 170.

In Dusenbery, as here, the defendant claimed that he never received notice of, and an opportunity to be heard at, the administrative forfeiture hearing contending that he was incarcerated on the criminal charge and did not receive actual notice of the action while in

jail. The government sent notice to the correctional institution where the defendant was incarcerated as well as to the residence where he had been arrested, and to an address in the town where his mother lived. The defendant did not respond to the action, and the currency was administratively forfeited. Dusenbery, at 161.

Importantly, the Supreme Court emphasized that the notice sent by certified mail to a prison with procedures for delivering mail to the inmate was reasonably calculated to provide notice, and hence sufficient under the law. Dusenbery, at 162. The Supreme Court clarified that "none of our cases... has required actual notice in proceedings such as this . . ." In rejecting the claim that the government must go to the prison and provide actual in hand notice to a defendant, the Supreme Court stated that "the Due Process Clause does not require such heroic efforts by the Government; it requires only that the Government's effort be reasonably calculated to apprise a party of the pendency of the action. . . ." Id. at 170.  This language is dispositive here.

Likewise, in a later case, the district court in United States v. Arthur, 263 F.Supp.2d 703 (S.D.N.Y 2003) rejected the same claim by a defendant, relying on Dusenbery. In Arthur, the court denied the defendant's motion for return of property and held:

> In Dusenbery, the Supreme Court sustained the reasonableness of effecting notice of forfeiture on a potentially interested party who is incarcerated by mailing such notice to the facility in which the individual is being held. On this basis alone, this Court could reject Arthur's claim of deficient service, and certainly where, on these facts, notice is additionally sent to Arthur's home and to his former attorney, this Court has no doubt that the Government's

3

actions in attempting to effect proper service of the notice of forfeiture were reasonable and, there fore, not deficient."
Arthur, 263 F.Supp.2d, at 705.

This case is on all fours with Dusenbery and Arthur. Here, there were several attempts to notify the defendant of the administrative forfeiture of his currency. The appended affidavit of DEA Forfeiture Counsel John Hieronymous, with the attachments, spells out the considerable efforts made to provide such notice to the defendant's last known address, his attorney, and the jail where he was incarcerated. More specifically, these efforts include Mr. Hieronymous's written notification by certified mail, return receipt requested to the defendant's last known address, (Exhibit A, ¶ 4(b)). While the first mailing was returned undelivered, two additional attempts of delivery were made on 1/28/02 and 2/2/02, respectfully. (Exhibit A, sub-exhibits 1,2.). Thereafter, effort was also made by sending the notice by certified mail, return receipt requested to Attorney Bruce Koffsky at his law firm, the defendant's counsel in the criminal case. (Exhibit A, ¶ 4(c)). Delivery of the notice was accepted, and the return receipt is attached as sub exhibit 3 and 4 to Exhibit A. Further, notice was sent by certified mail, return receipt requested to Flores' last known address in Norwalk. (Exhibit A ¶4(e)). The notice was returned, stamped with return to sender on 2/12/02, after the first attempt on 1/28/02 and a second attempt to deliver on 2/2/02. (Exhibit A, sub-exhibit 7,8.).

Most significantly, efforts were made to notify Flores of the action <u>while he was detained pretrial in this case</u>. A certified mailing of the Notice was mailed to the Donald

W. Wyatt detention facility where Flores was detained at the time in connection with this criminal case. (Exhibit A ¶ 4(d),(g)). A second attempt was made to Wyatt detention center, and the return receipt was received. Exhibit A, sub-exhibits 10,11.  Under Dusenbery, these effort are alone sufficient, regardless of the fact that it was not established through the certified mailing that the defendant actually received it.

Finally, as stated in Exhibit A ¶ 4(f), notice was made by publication with the Wall Street Journal. Notification was published on Monday, February 4, again on Monday, February 11, 2002, and again on Tuesday February 19, 2002. The publication stated the procedure for contesting the forfeiture and the deadline for filing a claim. (Exhibit A, sub-exhibit 9.)

## CONCLUSION

Based upon Dusenbery and Arthur, and for the reasons set forth above, the Government respectfully submits that adequate efforts to provide the defendant with notice of the administrative action were made pursuant to Title 19 of the United States Code § 1607(a). After Dusenbery certified mailings to the jail and the other efforts notice were "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Dusenbery, at 170. The government respectfully requests that the defendant's motion for

return of property should therefor be denied.

                    Respectfully submitted,

                    KEVIN J. O'CONNOR
                    UNITED STATES ATTORNEY

                    ROBERT M. APPLETON
                    ASSISTANT UNITED STATES ATTORNEY
                    FEDERAL BAR #ct05112
                    915 LAFAYETTE BOULEVARD
                    BRIDGEPORT, CT 06604

CERTIFICATION

    I hereby certify that a true copy of the foregoing was mailed this 23rd day of March, 2005 to Omar Flores, Reg. 14478-014, P.O. Box 700, Unit 5803, Fort Dix, New Jersey 08640.

_____
ROBERT M. APPLETON
ASSISTANT UNITED STATES ATTORNEY