IN THE UNITED STATES DISTRICT COURT 

FOR THE DISTRICT OF CONNECTICUT

2006 JAN 31 A 8: 27

OMAR FLOREZ
Petitioner

    Civil No.

VS.

    Criminal No. 3: CR 162 (SRU)

UNITED STATES
OF AMERICA

    PRO-SE


TRAVERSE TO RESPONDENT'S ANSWER

Comes now the petitioner: OMAR FLORES  PRO-SE: Who submits his
" Traverse to the respondent's answer " in the above motion: for
return of property under & F.R. Cr. P. 41(e) the petitioner submits
the respondent's answer lack's merit and should be overruled by
this Honorable Court and that an order forth.
Return of property shall be order under the procedures of forfietu-
re wich was confiscated upon his arrest this Court has jurisdiction
pursuant to ancillary jurisdiction of 41(e) federal rules of pro-
cedures.


Respectfully submitted


*Omar Florez*

OMAR FLORES

(1)

See Rafu V. United States, 20f. 3d 63 ( 2nd CIR 1992 )

" District Court where defendent is tried has ancillary jurisdiction to dicide defandent's post trial motion for the return of seized property."

## ARGUMENT

Rule 41(e) provides (e) motion for return of property a person aggrieved by unlawful search and seizure or by deprivation of property may move the District Court for the District in wich the property was seized for the return of property on the grounds that such persons is entitled to lawful possesion of the property. The Court shall recieve evidence on any issues of facts necessary to confiscated:

## FACTS

That defendant is unskilled, unlearned, and untrained and that Mr. Omar Flores neither reads, write, nor comprehends the English Language. Certainly he is unable to comprehend legal proceedings in the English Lenguage. That the movant demonstrated efforts to seck help in his litigation. That the defendant will demostrate See exhibits 1 throu 5 and timely communications. With courts by him having submitted several motions and requests to the courts in concern for return of corrency and personal property. Where by on January 14, 2004, govermenes response to motion for return of property that the defendant seeks return of property seized by the DEA agents the return of " Ring, Watch, Chain, Medallions

(2)

and 1,181.00 dollars, claims were made by administrative proceeding for the return of currency the goverment failed to response and ignored several request. See Exhibits that at no time notice was given to the defendant property.

That is certainly obious that the defendant, was incarcerated at the time of notice to where the defendant suppose to have been living ? The attorney for DEA agents forfieture engineer false trails of notice's information as to where about the defendant is incarcerated after his arrested and conviction. All information was most certainly available at the time.

## STATEMENTS OF FACTS

Further: Federal Courts have held that, " If motion for return of property is made after termination of criminal proceedings against defendant, such motion should be treated as civil complaint for equitable relief." See Unwubiko Vs. U.S. 969 F 2d 1392-97 ( 2nd CIR. 1992 ) " Where criminal proceedings are no longer pending against 41 (e) motion should be treated as equitable civil proceedings." To the decision of the motion. If motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect acess and use of the property in subseguent proceedings.

If a motion for return of said property is made or comes on for hearing in the district of trial after an indictment or information is filed:

It shall be treated also as motion suppress under rule 12

(3)

" Shall " is language of command.

Anderson Vs. Yung Kau, 67S, CT. 428 ( 1997 ).

The words can not be softend into mere permission, it means " Must " for the purpose of sustainning OR enforcing an existing right. See: West Wisconsin R. Co Vs Foley 94 U.S. 71( 1877 ). See also United Vs. Myers, 106 f. 3d 936 941 ( 10 th Cir.1997). Matter of DP Partners LTD. Partnership. 106 f 667.N9C 5th Cir. 1997 ) Federal Courts required the goverment to return property seized for the purpose of trial, if property is neither contraband nor subjet to the forfieture statue at end of criminal proceedings. See: U.S. Vs. Glovanelli, 998 f. 2d 116 ( 2nd Cir. 1993 ), claimnt was entittled to return of funds in connection with a rocketeering influenced corrupt organization ( Rico ) charge. Claiment was not estopped from making his motion for return of funds by having with held it until statue of limitations had run out against the goverment in this case, the indisputed facts are the petitioner's property was seized by(DEA) agents and petitioner were never given any notice of the intended forfieture of his property inforfieture jurisprudence, a notice must given to the aggrieved in an impending forfieture action, a failure to give notice ( Proper and good faith ) notice, by the goverment violates the aggriered's due process rights warranting relief. In U.S. Vs. 184, 505.01 in U.S. Currency, 72 f. 3d 1160 ( 3 rd Cir. 1995 ). The court held that, " When the goverment knows of a part's actual where abouts, due process requires sending a notice the address, especially where the part is incarcerated. " In this case the goverment had petitioners prison address as well knowing that the petitioner had no other legal residence.

(4)

And failed to take necessary steps to comply with minimum requirements due process to give notice, See. Robinson Vs. Honyahan; 409 U.S. 47 ( 1972 ), where the United States Supreme Court held that a claiment is entitled to a hearing and notification even if he is sitting in jail.

## CONCLUSION

Wherefore, based on the foregoing reasons, the petitioner respectfully moves this honorable court to grant relief, by directing the United States Attorney's Office to inform DEA to release all of the petitioner's personal property as identified herein to his respective current adress here at: F.C.I. FORT DIX, P.O. BOX 7000 UNIT 5802, FORT DIX, N.J. 08640. Or can be turn oven to his sister: MARIBEL FLOREZ

9725 FONTAIN BLEAU

Blvd. APT. 209   MIAMI, FL. 33172

6702 Urb. SOLEIL

Furthermore:

That Mr Florez, release date: March 2006 possible deportation, That time is of the essence.

## PRO - SE CERTIFICATE OF SERVICE

I, OMAR FLOREZ, PETITIONERS here in, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the office of clerk for The United States District of Connecticut and a true and correct copy has been furnished upon the office of The United States Attorney for the U.S. District of Connecticut

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this day_____March, 2005.


*Omar Florez*
_____
OMAR FLOREZ
Reg. No. 14478-014
F.C.I. FORT DIX WEST
P.O. BOX 7000, UNIT 5802
FORT DIX, N.J. 08640

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | :CRIMINAL NO. 3:CR162(SRU) |
| v. | : |
| OMAR FLOREZ | :JANUARY 14, 2004 |

### GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF PROPERTY

The United States hereby responds to the defendant's motion for return of the property seized during a search warrant in the captioned criminal case.

The defendant seeks return of property seized during a search in connection with the referenced mater. DEA agents did seize items from a residence in connection with this criminal case. The defendant seeks return of "ring, watch, chains, medallions and $1,181.00." DEA agents have represented to me that the currency was the subject of an administrative forfeiture and that notice was given to the defendant of the proceeding. Any claim to the currency had to have been made in the administrative proceeding. The government does not object to the return of other miscellaneous items seized, and will instruct the agents to make the items available for release and send them to him.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ROBERT M. APPLETON
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR #ct05112
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604

Honorable Kevin J. O'Connor
United States Attorney
District of Conneticut
915 Lafayette Boulevard
Bridgeport, Conneticut 06604

10-25-05

Attention: Robert M. Appleton, A.U.S.A.

RE: USA -v- Omar Florez
Crim. Case # 3:CR 162 (SRU)

Dear Sir:

Pursuant to your previously articulated position regarding my prior Rule 41(e) motion for return of seized property whereby you consented to the return of my personalty, other than the funds you state were administratively forfeited by the DEA, I wish to now finalize as expeditiously as possible the arrangements to retrieve my ring, watch, chains and medallions.

I hereby authorize the following person to retrieve the same on my behalf, Maribel Florez and the address 9725 Fontainebleau Blvd. Apt 209 Miami Fl. 33172-6702.

Kindly contact the above person within very short order such that my items are returned. Thank you in advance for your anticipated cooperation.

CC: Honorable Stefan R. Underhill
United States District Court Judge.

I am very truly your
Omar Florez

Omar Florez

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable = Stefan R Underhill
United States District Court
915 Lafayette Blvd.
Bridgeport Connecticut
06604

2. Article (Trans
PS Form

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kim Burtt_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Kelly Barrett   1/4/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kevin J. O'Connor
United States Attorney
District of Connecticut
915 Lafayette Blvd.
Bridgeport, Connecticut
06604

2. Article (Transf
PS Form

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☒ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Shcnn B.   1/4/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

595-02-M-1540

HONORABLE STEFAN R. UNDERHILL

RE: MOTION FOR RETURN OF PERSONAL PROPERTY

In June, 2003 I filed a motion for return of personal property.

On January, 2004 I received a Government response in which they inform me that my personal items will be returned except for $1,181.00.

On March, 2005 I provided the Government with authorization and my sister's address (Maribel Flores 9725 Fountainbleau Blvd. Apt. 209 Miami Fl. 33172) for the return of the remainder of my property.

To this date, in spite of my instructions the Government has failed to return the remainder of my property.

I hereby request that my case be calendared so that the Government may explain to this Court, why it refuses to return my property and this Court may enter judgment on my motion.

I request this be done forthwith.

                                        Very Truly Yours

                                        *Omar Florez*
                                        OMAR FLORES
                                        Reg. #14478-014

C.C. A.U.S.A. KEVIN J. O'CONNOR
     HONORABLE STEFAN R. UNDERHILL

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
     Omar Florez                                 :
                                                 :
     vs.                                         :Civil No. 3: cr 162 (SRU)
                                                 :
     USA                                         :
                                                 :
-------------------------------------------------x
```

FILED

2006 JAN 18 A 8:05

U.S. DISTRICT COURT

## ORDER RETURNING SUBMISSION

The Clerk has received your **Traverse to Respondent's Answer** however, it is deficient in the area(s) checked below:

(NOTE: L.R. refers to the Local Rules, District of Connecticut)

1. ✔ **L.R.5(b)**
   _ No certificate of service attached to pleading
   _ Certificate of service fails to list names and addresses of all parties served
   ✔ **Certificate of service is not signed**

2. _ L.R.5(d)   Failure to submit document under seal

3. ✔ **L.R.10**
   ✔ **Failure to sign pleading (original signature)**
   _ Failure to double space
   _ Margin is not free of printed matter
   _ Left hand margin is not one inch;
   _ Judge's initials do not appear after the case number
   _ Docket number is missing
   _ Failure to supply federal bar number
   _ Holes not punched in document

   *[handwritten: He's resubmitting. We got originals. —SRU]*

4. _ L.R.83.1(d)   Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

5. _ Other   ___

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 1/17/06

_____
United States District Judge

(TMS)

rev. 7/18/05